IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


MARY BETH THOMAS,

                    Plaintiff,

vs.                                        Case No. 11-4088-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                    Defendant.


                          MEMORANDUM AND ORDER

    On August 5, 2011, plaintiff filed her complaint, seeking judicial review of the final decision of the Commissioner of Social Security (Doc. 1).  On October 7, 2011, defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), alleging that plaintiff's complaint was filed out of time (Doc. 9). Plaintiff filed her response brief to the motion to dismiss on November 28, 2011 (Doc. 12).  Defendant filed a supplement or reply brief to their motion on December 12, 2011 (Doc. 13).

**I.  Applicable legal standards**

     42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing.  The civil action seeking judicial review must be filed within sixty (60) days after the mailing to the party of such decision or within such further time as the

                                    1

Commissioner may allow. The term "final decision" is left undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

The regulation concerning judicial review is as follows:

> (a) *General*. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner....
>
> (c) *Time for instituting civil action*. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(a, c). Plaintiff can request an extension of time to file her action in federal district court:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns

2

>  an expedited appeals process agreement, with one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in §§ 404.911, 416.1411.

20 C.F.R. §§ 404.982, 416.1482.

In the case of Bowen v. City of New York, 476 U.S. 467, 480, 106 S Ct. 2022, 2030, 90 L. Ed.2d 462 (1986), the court held that equitable tolling principles applied to the 60 day requirement set forth in the statute of limitations contained in § 405(g).  A limitations period may be equitably tolled if the petitioner diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.  Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir.2007); Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007)(in a case involving the application of equitable tolling under § 405(g), the court held that a claimant must justify her untimely filing by a showing of extraordinary circumstances); Torres v. Barnhart, 417 F.3d 276, 279 (2nd Cir. 2005)(in a case involving the application of equitable tolling under § 405(g), the court held that the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).

**III.  Is equitable tolling of the statute of limitations set forth in 42 U.S.C. § 405(g) justified on the facts of this case?**

On March 23, 2011, the Appeals Council mailed a notice to plaintiff and her counsel informing them of the action of the Appeals Council denying plaintiff's request for review, and notifying plaintiff that she had 60 days from receipt of the letter to file a civil action seeking judicial review of the agency decision.  (Doc. 13-1, Exhibit A, at 3, 15-17).[1]  Plaintiff filed her complaint on August 5, 2011 (Doc. 1). Plaintiff concedes that her complaint was untimely, but alleges that she requested additional time from the Appeals Council to file her case (Doc. 12 at 1-2).  In her complaint, plaintiff states that she requested additional time to file a complaint in federal court from the Appeals Council, but received no response as of August 5, 2011 (Doc. 1, ¶ 6).  However, plaintiff has not produced any written copy of a request for additional time. Defendant has filed a declaration from James Jones, who is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review.  (Doc. 13 at 1 n.1).  Mr. Jones stated in his declaration that he is not aware of any request for an extension of time to file a civil action (Doc. 13-1 at 3).

The question before the court is whether plaintiff has diligently pursued her claims and has demonstrated that the

---

[1]Plaintiff admits in her response that the notice from the Appeals Council was received on March 23, 2011 (Doc. 12 at 1).

failure to timely file was caused by extraordinary circumstances beyond her control.  In deciding the question raised in the motion, the court will review other cases that have addressed this issue.  In the case of Rivera-Gonzalez v. Astrue, 2011 WL 2434071 (M.D. Fla. June 16, 2011), plaintiff's counsel requested an extension of time within the 60 day limitations period and the request was presumably still pending before the Appeals Council.  The court noted that the case of Jackson v. Astrue, 506 F.3d at 1357 seemed to imply that a timely-filed motion for an extension of time would weigh in favor of an equitable tolling argument.  The court therefore concluded that, in light of the specific facts of the case, that plaintiff's complaint was subject to equitable tolling.  2011 WL 2434071 at *2.

In the case of Baker v. Commissioner of Social Security, 2011 WL 1598632 (E.D. Mich. Apr. 28, 2011), plaintiff filed her complaint in the district court approximately 20 days beyond the filing deadline.  The court stated that plaintiff had the burden of establishing the exceptional circumstances that warrant equitable tolling, and noted a number of factors that should be considered when determining when equitable tolling should apply.  2011 WL 1598632 at *3.  However, unlike the case in Cook v. Commissioner of Social Security, 480 F.3d 432, 437 (6th Cir. 2007), in which the court noted that the plaintiff did not allege that he requested an extension of time or communicated with the

SSA (Social Security Administration) in any way prior to filing his complaint in federal court, in Baker, the court found that plaintiff did allege that she requested an extension of time from the SSA and provided affidavit evidence and documentary evidence in support of her assertion. Defendant provided a declaration from an employee of SSA indicating that the SSA never received the alleged request for an extension. The court found that plaintiff made a good faith effort to seek a timely extension from the Appeals Council. Although the court indicated that questions may exist as to whether the request was in fact received by the Appeals Council, the court concluded that the evidence of record supported the allegation that the request was sent. The court found that the evidence supported plaintiff's contention that she diligently pursued her rights by requesting an extension from the SSA and then filing her complaint just twenty days after the deadline had passed; the court further determined that there was no substantial prejudice to the Commissioner where plaintiff's complaint was filed within 30 days of the deadline. Therefore, the motion to dismiss was denied. 2011 WL 1598632 at *3-4.

In the case of Carroll v. Astrue, 2010 WL 2133866 (N.D. Ind. May 24, 2010), plaintiff filed her complaint in federal district court approximately 3 ½ months after the Appeals Council denied her request for review. Plaintiff alleged that she had requested

an extension of time to file suit during a telephone conversation with a Social Security official during the relevant period and that she was told that her request was being considered by the Appeals Council.  She also stated that she relied on her first law firm's word that it would file a timely extension on her behalf, which the Appeals Council had not acknowledged.  The court found that plaintiff's allegations were sufficient to show circumstances that kept her from making a timely request, and the court tolled the 60 day limitation.  2133866 at 1-3.

In the case of Sanchez v. Barnhart, 2004 WL 1005589 (W.D. Wisc. May 4, 2004), the court found that there was a factual dispute regarding whether plaintiff sought an extension of time from the Appeals Council.  The court took judicial notice of the fact that the Appeals Council grants extensions routinely and that it sometimes takes several months for it to respond to a claimant's request for an extension.[2]  The court stated that, assuming the plaintiff filed a request for an extension with the Appeals Council, the Appeals Council's failure to respond in a timely fashion to plaintiff's request for an extension could provide an equitable reason to toll the limitations period.

---

[2] In the case of Baker v. Commissioner of Social Security, 2011 WL 1598632 at *4, the court stated that "Plaintiff is correct in asserting that requests for extension of time are routinely granted by the Appeals Council.  'If [a claimant] show[s] that [he or she] had good cause for missing the deadline, the time period will be extended.  See 20 C.F.R. § 404.982.'"

7

Accordingly, the motion to dismiss was denied.  2004 WL 1005589 at *2.

Finally, in the case of <u>Aschettino v. Sullivan</u>, 724 F. Supp. 1116 (W.D. N.Y. 1989), plaintiff commenced his civil action on May 17, 1989, well beyond the 60 days of notification of the Appeals Council decision of July 5, 1988.  However, the court noted that plaintiff's attorney had inquired in writing concerning the status of a request for additional time well within the 60-day period.  The request was never answered by the Appeals Council until December 29, 1988, well beyond the 60-day period.  On these facts, the court tolled the statue of limitations.  724 F. Supp. at 1117-1118.

At a minimum, these cases provide support for equitably tolling the statute of limitations if a claimant filed a request for an extension of time with the Appeals Council prior to the 60-day time limit for filing an action in federal court, and that request remained pending until after the 60-day time limit expired.  However, the only information before the court at this time is plaintiff's assertion in her pleadings that she, acting pro se, requested additional time to file a complaint in federal court, but that the Appeals Council failed to respond to her request (Doc. 1, ¶ 6; Doc. 12 at 1-2).  The court also has before

it a "declaration"[3] by James Jones, an employee of the Social Security Administration, stating that he is "not aware of any request for an extension of time to file a civil action as specified in said notice and in section 205(g) of the Social Security Act" (Doc. 13-1 at 3). The court does not have before it either the administrative record or any affidavits or other documentary evidence from the plaintiff in support of her assertion.

The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and views those allegations in the light most favorable to the nonmoving party. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001).

However, Fed.R.Civ.P. 12(d) provides:

> **Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule

---

[3]The "declaration" is an unsworn statement signed under penalty of perjury pursuant to 28 U.S.C. § 1746.

9

> 12(b)(6) or 12(c), matters outside the
> pleadings are presented to and not excluded
> by the court, the motion must be treated as
> one for summary judgment under Rule 56. All
> parties must be given a reasonable
> opportunity to present all the material that
> is pertinent to the motion.

As noted above, in addition to plaintiff's complaint, the parties have presented additional evidence, including a declaration from an employee of the defendant.  Furthermore, the court does not have before it either the administrative record or any affidavits or other documentary evidence from the plaintiff to support her assertion.  For this reason, the parties are hereby notified that the court will treat defendant's motion to dismiss as a motion for summary judgment under Fed.R.Civ.P. 56.

   IT IS THEREFORE ORDERED that defendant shall file the record in this case no later than April 2, 2012.  Defendant shall include in the record in this case any and all correspondence or record of any communications with plaintiff and/or her attorney or legal representative on or after the date of the Appeals Council decision.

   IT IS FURTHER ORDERED that plaintiff, within 21 days of the filing of the record, shall file a brief with the court on the issue of whether equitable tolling of the statute of limitations is justified on the facts of this case.  Plaintiff's brief shall include any evidence, including affidavits or other documentary evidence, regarding her alleged request to the Appeals Council

for additional time to file a complaint in federal court. Defendant shall file a response in support of their motion within 21 days of the filing of plaintiff's brief.

Dated this 21st day of February 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge