IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY BETH THOMAS,

           Plaintiff,

vs.                                         Case No. 11-4088-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

    On August 5, 2011, plaintiff filed her complaint, seeking judicial review of the final decision of the Commissioner of Social Security (Doc. 1).  On October 7, 2011, defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), alleging that plaintiff's complaint was filed out of time (Doc. 9). Plaintiff filed her response brief to the motion to dismiss on November 28, 2011 (Doc. 12).  Defendant filed a supplement or reply brief to their motion on December 12, 2011 (Doc. 13).

    On February 21, 2012, the court issued an order in this case.  The court indicated that it would treat the motion to dismiss as a summary judgment motion, and directed the parties to file the record and provide further briefing on the issue of equitable tolling (Doc. 14).  The defendant filed the record in this case on March 15, 2012 (Doc. 15).  Plaintiff filed their

1

brief on April 4, 2012 (Doc. 16), and defendant filed their response brief on April 20, 2012 (Doc. 17).

**I. Is equitable tolling of the statute of limitations set forth in 42 U.S.C. § 405(g) justified on the facts of this case?**

The applicable legal standards regarding equitable tolling are set forth in this court's memorandum and order of February 21, 2012 (Doc. 14) and are incorporated as part of this opinion.

It is undisputed that the Appeals Council mailed a notice to plaintiff and her counsel, dated March 23, 2011, informing them of the action of the Appeals Council denying review, and notifying plaintiff that she had 60 days from receipt of the letter to file a civil action seeking judicial review of the agency decision (R. at 1-3). The notice states that the agency will assume that plaintiff received the letter 5 days after the date on it unless plaintiff can show that they did not receive it within the 5 day period (R. at 2). Plaintiff concedes that she received the notice within 5 days of March 23, 2011 (Doc. 12 at 1). Plaintiff did not file her complaint in this court until August 5, 2011 (Doc. 1). This is over 2 months after the 60 days from plaintiff's receipt of the letter dated March 23, 2011 had expired. Plaintiff concedes that her complaint was not timely filed (Doc. 16 at 2).

Plaintiff argues that the 60 day requirement should be equitably tolled. Thus, the question before the court is whether

plaintiff has diligently pursued her claims and has demonstrated that the failure to timely file was caused by extraordinary circumstances beyond her control.  In this court's order of February 21, 2012, the court reviewed a number of cases that have addressed this issue.  The court summarized these cases by stating that, at a minimum, these cases provide support for equitably tolling the statute of limitations if a claimant filed a request for an extension of time with the Appeals Council prior to the expiration of the 60-day time limit for filing an action in federal court, and that request remained pending until after the 60-day time limit expired (Doc. 14 at 8).

 Plaintiff produced a letter from her attorney, dated July 6, 2011, in regards to the Appeals Council decision of March 23, 2011.  It states, in relevant part:

> ...Based upon a review of your case, we are not able to pursue such an appeal.  If you wish to pursue such an appeal, we recommend you obtain an attorney to assist you with the case.
>
>  We regret that we are unable to file this appeal for you.  However, at this time we believe it would be better to focus our attention on your current claim for Social Security disability.  We still represent you on your current claim and will continue to do so....

(Doc. 16-2).

 Plaintiff indicates in her brief that she did not ask the Appeals Council for additional time to file her appeal until

after the deadline for the 60-day extension had lapsed (Doc. 16 at 2).[1]  Plaintiff's brief also states that after her attorney discharged her as a client, plaintiff attempted to contact the Appeals Council on her own (Doc. 16 at 4).  Although plaintiff's affidavit states that she mailed a handwritten request for additional time to the Appeals Council, the record does not show receipt of such a letter, and plaintiff herself states that she does not remember the date she sent the letter (Doc. 16-1 at 1).  There is no evidence before the court that plaintiff requested an extension of time with the Appeals Council prior to the expiration of the 60-day time limit for filing an action in federal court.

In <u>Fleming v. Evans</u>, 481 F.3d 1249, 1255-1256 (10th Cir. 2007), the court held that counsel's negligence is not generally a basis for equitable tolling.  Attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling.  However, egregious attorney misconduct may constitute extraordinary circumstances that justify equitable tolling.  481 F.3d at 1256.  Thus, in <u>Fleming</u>, the court found that equitable tolling was warranted because an attorney failed to file a petition despite repeatedly assuring his client that he was doing

---

[1] "...Thomas, however, was not informed that her attorney would not pursue the action until July 6, 2011–after the 60-day deadline under 42 U.S.C. § 405(g) had lapsed.  She then asked the Appeals Council for additional time" (Doc. 16 at 2).

4

so.  481 F.3d at 1255-1257.

Plaintiff argues that the letter from her former attorney establishes the extraordinary circumstance that prevented her from filing her complaint in a timely manner (Doc. 16 at 4). However, as noted above, mere error or mistake by her attorney has not been found to rise to the extraordinary circumstances required for equitable tolling.  Furthermore, unlike the case in Fleming, where counsel intentionally deceived his client into believing he was filing a petition, in the case before the court, plaintiff has failed to provide any evidence of egregious misconduct by her attorney.  In addition, plaintiff has not presented any evidence that she had any communications with her former attorney prior to the expiration of the 60 days for filing an action in federal court.  This raises a serious question as to whether plaintiff diligently pursued her claim.

Plaintiff acknowledged receipt of the notice from the Appeals Council on or about March 23, 2011 and conceded that she needed to file her complaint on or before May 27, 2011 (Doc. 12 at 1) unless equitable tolling is found to apply in the case.  A limitations period may be equitably tolled if the petitioner diligently pursues her claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond her control.  Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir.2007).

5

On the facts of this case, the court finds that equitable tolling is not warranted.  First, plaintiff had timely notice of the adverse decision of the Appeals Council and the deadline for filing a case in federal court.  Second, plaintiff has failed to show that she diligently pursued her claim before the expiration of the 60 days.  Plaintiff presented no evidence that she had any communication with her former counsel regarding the filing of an action in federal court before the time expired.  Furthermore, plaintiff presented no evidence and no evidence exists in the record that she filed a request for an extension of time with the Appeals Council prior to the deadline for filing an action in federal court.  Plaintiff's brief indicates that she asked for an extension of time from the Appeals Council after the deadline had expired.  Third, plaintiff has failed to provide any evidence that the failure to timely file was caused by extraordinary circumstances beyond her control.  Specifically, plaintiff presented no evidence of egregious misconduct by her former attorney.

IT IS THEREFORE ORDERED that defendant's motion to dismiss and/or for summary judgment is granted.

Dated this 23rd day of May 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge